IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN C. FAYLE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TSYS MERCHANT SOLUTIONS,<br>LLC, and John Does 1–5,<br><br>　　　　Defendants. | CV 20–72–M–DWM<br><br><br>OPNIION<br>and ORDER |

　　　This venue transfer dispute arises out of an employment contract between Plaintiff John C. Fayle and Defendant TSYS Merchant Solutions, LLC. TSYS seeks to transfer venue to Georgia based on the contract's forum-selection clause:

> **Applicable Law.** Any dispute in the meaning, effect, or validity of this Agreement shall be resolved in accordance with the laws of the State of Georgia without regard to the conflict of law's provisions thereof. This Agreement shall be governed by and construed under the laws of the State of Georgia or, at the Company's sole option, by the laws of the state or states where this Agreement may be at issue in any litigation involving the Company. *Venue of any litigation arising from this Agreement shall be in a federal or state court of competent jurisdiction in Muscogee County, Georgia.*

(Ex. 1 at App'x ¶ 12, Doc. 5-1 at 13 (emphasis added).) The caselaw governing the interplay between public policy and forum-selection clauses has been applied with variable results. *Compare Bjorgen v. Marco Techs., LLC*, 2018 WL 2023543 (D. Mont. May 1, 2018) *with Swank Enters., Inc. v. NGM Ins. Co.*, 2020 WL

1

1139607 (D. Mont. Mar. 9, 2020).  Ultimately, following the analytical approach previously outlined in *Frontline Processing Corp. v. Merrick Bank Corp.*, 2013 WL 12130638, at *3–4 (D. Mont. May 29, 2013), TSYS's motion is granted.

## ANALYSIS

In federal court, federal law applies "to the interpretation of" forum selection clauses.  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).  Forum-selection clauses may be enforced through the doctrine of *forum non conveniens* in a motion to transfer under 28 U.S.C. § 1404(a).  *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59–61 (2013).  Pursuant to § 1404(a), a court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" provided such a transfers is "[f]or the convenience of parties and witnesses" and "in the interest of justice."  When a motion is filed under this provision, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer."  *Atl. Marine*, 571 U.S. at 52, 62.

What constitutes an "exceptional reason" or "extraordinary circumstance" is in turn governed by the factors identified in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972).  *Yei A. Sun v. Adv. China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018).  Pursuant to *M/S Bremen*,

> a forum-selection clause [i]s controlling unless the plaintiff ma[kes] a strong showing that: (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court."

*Id.* (quoting *M/S Bremen*, 407 U.S. at 15) (alteration in original); *see also Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 914 (9th Cir. 2019) (reaffirming *M/S Bremen*'s holding following *Atlantic Marine*). But these exceptions must be viewed "through the lens provided by *Atlantic Marine*," *Yei A Sun.*, 901 F.3d at 1088, which means the plaintiff bears the burden of establishing that transfer is unwarranted and the court "should not consider arguments about the parties' private interests," *Atl. Marine*, 571 U.S. at 63–64.

In this case, Fayle argues that transfer is inappropriate because Montana has a strong public policy against forum-selection clauses, as articulated by Montana Code Annotated § 28–2–708:

> Every stipulation or condition in a contract by which any party to the contract is restricted from enforcing the party's rights under the contract by the usual proceedings in the ordinary tribunals or that limits the time within which the party may enforce the party's rights is void. This section does not affect the validity of an agreement enforceable under [the Uniform Arbitration Act].

If correct, Fayle's argument would be dispositive as the satisfaction of *M/S Bremen*'s public policy factor is sufficient "to render a forum-selection clause unenforceable." *Gemini Techs., Inc.*, 931 F.3d at 916.

3

Our Court recently addressed this argument in two cases, with differing results. In *Bjorgen*, the court correctly granted a motion to transfer on the grounds that "the Montana Supreme Court found that '[f]orum selection clauses are not presumptively void as against public policy.'" 2018 WL 2023543, at *4 (quoting *Polzin v. Appleway Equip. Leasing, Inc.*, 191 P.3d 476, 482 (Mont. 2008)) (alteration in original). After *Bjorgen* was decided the Ninth Circuit addressed the venue transfer question in the context of Idaho law. *See Gemini Techs., Inc.*, 931 F.3d at 916. Idaho, like Montana, has a similar statute that provides:

> Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract in Idaho tribunals, or which limits the time within which he may thus enforce his rights, is void as it is against the public policy of Idaho.

Idaho St. § 29-110(1). The Ninth Circuit held that the plain language of this statute satisfied *M/S Bremen*'s public policy factor. 931 F.3d at 916. Though explicitly expressing "no opinion" on the outcome under Montana law, the Ninth Circuit recognized the similarity between the statutes. *See id.* As a result of that decision, our Court more recently denied a request to transfer venue in *Swank*, relying on the language of § 28–2–708. 2020 WL 1139607, at *4. But even considering *Gemini*, in my view *Swank* misses the mark given the Montana Supreme Court's decision in *Polzin* and the difference between the two statutes.

The Montana Supreme Court's inconsistent treatment of forum selection clauses and § 28–2–708 was thoroughly addressed in *Frontline Processing Corp.*

4

2013 WL 12130638, at *3–4.  As explained in *Frontline*, while Montana may have previously interpreted the statute to invalidate forum selection clauses on public policy grounds, *see State ex rel. Polaris Industries, Inc. v. District Court*, 695 P.2d 471, 472 (Mont. 1985); *Keystone v. Triad Systems Corp.*, 971 P.2d 1240, 1244 (Mont. 1998); *see also Rindal v. Seckler Co., Inc.*, 786 F. Supp. 890, 894 (D. Mont. 1992); *Mills v. Scottrade, Inc.*, 2009 WL 10701740, at *7 (D. Mont. Apr. 30, 2009), it has most recently clarified the confusion when it held that "forum selection clauses are not presumptively void as against public policy," *Polzin*, 191 P.3d at 482; *see also Milanovich v. Schnibben*, 160 P.3d 562, 564 (Mont. 2007). *Swank*'s conclusion and Fayle's argument are therefore unpersuasive and "simply untenable" in the language of *Frontline Processing Corp.*, 2013 WL 12130638, at *4; *see also* 2007 WL 5137274, at *22 (plaintiff specifically raising the statutory argument to the *Polzin* court).

*Gemini* doe not impose a different result.  The *Gemini* court did not rule on the public policy implications of similar Montana and Idaho statutes, 931 F.3d at 916, and the statutes here are distinguishable.  While the Idaho statute explicitly states that it embodies public policy, *see* Idaho St. § 29-110(1) (". . . is void as it is against the public policy of Idaho."), there is no such language in § 28–2–708.  That difference is telling because the Montana Legislature has included such language in other statutes.  *See, e.g.*, Mont. Code Ann. §§ 28–2–2116 (governing

choice of law and venue in construction contracts), 28–2–702 (governing contracts that exempt a person's own fraud or willful injury of another). In this case it is a distinction with a difference.

## CONCLUSION

As was the case in *Frontline*, because Fayle's challenge to the forum selection clause is based entirely on the public policy embodied in § 28–2–702 and *Swank*, there is no other evidence upon which to conclude that the clause is unenforceable.[1] It is therefore appropriate to transfer the case.

Accordingly, IT IS ORDERED that TSYS's motion to transfer (Doc. 4) is GRANTED. The above-captioned matter is TRANSFERRED to the United States District Court for the Middle District of Georgia, Columbus Division. The Clerk is directed to transfer the case materials and close the case file.

DATED this  2nd  day of July, 2020.

10:37 AM

Donald W. Molloy, District Judge
United States District Court

---

[1] Fayle's factual nod to the Plan being a contract of adhesion, (*see* Doc. 8 at 2–3), does not, without more, change the result. *See Polzin*, 191 P.3d at 481 (discussing when such a clause is "unreasonable under the circumstances").